**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**Harrisonburg Division**

**MICHAEL J. SWARTZENDRUBER, for himself**
**and on behalf of others similarly situated,**

       **Plaintiff,**

**v.**                              **Case No: 5:22-CV-00055-MFU**

**SENTARA RMH MEDICAL CENTER,**
**RMH MEDICAL GROUP, LLC,**
**UNITED HEALTHCARE INSURANCE COMPANY,**
**UNITED HEALTCARE OF THE MID-ATLANTIC, INC.,**

       **Defendants.**

## FIRST AMENDED CLASS ACTION COMPLAINT

### INTRODUCTION

1.     Plaintiff brings this lawsuit as a class action about systematic overcharging by Defendants for medical services that are provided by RMH Medical Group, LLC to people who have medical insurance through United Healthcare Insurance Company. Instead of billing those services as provided by RMH Medical Group, LLC at its many outpatient centers, Sentara RMH Medical Center bills them as if they were provided at the main Sentara RMH hospital. This improper billing results in an overcharge. Despite being repeatedly put on notice of this practice, United Healthcare Insurance Company does not correct the bills.

2.     The claims include violation of the federal Racketeer Influenced and Corrupt Organizations Act (RICO), violation of the Employee Retirement Income Security Act of 1974 (ERISA) both on behalf of Plaintiff individually and the class of individuals he seeks to represent, and on behalf of the ERISA plan, and violation of the Virginia Consumer Protection Act (VCPA) because the Sentara Defendants systematically overcharged people for medical services provided

by RMH Medical Group, LLC at its outpatient centers, and the United Healthcare Defendants did nothing to stop or correct that practice.

## JURISDICTION

3.     This Court has jurisdiction over this action pursuant to 18 U.S.C. § 1964(c) of RICO and 29 USC § 1132(e) of the ERISA, and 28 U.S.C. § 1331.

4.     This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C § 1367(a).

5.     As a result of Defendants' actions, Plaintiff suffered concrete harm by being overcharged for the medical services he received. If Defendants had not acted improperly, he would have been charged far less for his medical services.

6.     Each member of the proposed class also suffered concrete harm by being overcharged for the medical services they received. If Defendants had not acted improperly, they would have been charged far less for their medical services.

## PARTIES

7.     Plaintiff ("Mr. Swartzendruber") is a natural person and resident of the City of Harrisonburg, Virginia.

8.     Defendant Sentara RMH Medical Center ("Sentara") is a Virginia nonstock corporation. Its registered agent is CT Corporation System, 4701 Cox Road, Suite 285, Glen Allen, Virginia, 23060-6808.

9.     Among many other fictitious names, Sentara is registered to do business as "Sentara RMH Medical Group."

10.     Sentara is also registered to do business as "Sentara RMH East Market Street Health Center."

2

11.     Sentara is also registered to do business as "RMH East Market Street Health Center."

12.     Sentara is also registered to do business as "Sentara RMH South Main Health Center."

13.     Sentara is also registered to do business as "RMH South Main Health Center."

14.     Defendant RMH Medical Group, LLC ("RMH Medical") is a Virginia limited liability company. Its registered agent is CT Corporation System, 4701 Cox Road, Suite 285, Glen Allen, Virginia, 23060-6808.

15.     Among many other fictitious names, RMH Medical is registered to do business as "Sentara RMH Medical Group."

16.     RMH Medical is also registered to do business as "Sentara RMH East Market Street Health Center."

17.     RMH Medical is also registered to do business as "Sentara East Market Street Health Center."

18.     RMH Medical is also registered to do business as "Sentara RMH South Main Health Center."

19.     RMH Medical is also registered to do business as "Sentara South Main Health Center."

20.     Defendant United Healthcare Insurance Company is an insurance company doing business in Virginia. Its registered agent is CT Corporation System, 4701 Cox Road, Suite 285, Glen Allen, Virginia, 23060-6808.

21.     Defendant United Healthcare of the Mid-Atlantic Inc. is a stock corporation involved in the health insurance business in Virginia. Its registered agent is CT Corporation System, 4701 Cox Road, Suite 285, Glen Allen, Virginia, 23060-6808.

3

22.     Defendant United Healthcare Insurance Company and Defendant United Healthcare of the Mid-Atlantic Inc. are related entities and will be referred as "United Healthcare."

## VENUE

23.     The Defendants all do business in the Western District of Virginia.

24.     Venue is proper in the Harrisonburg Division of the Western District of Virginia under 28 U.S.C. § 1391(b), 18 U.S.C. § 1965(a), and 29 USC § 1132(e)(2) because this is where Plaintiff obtained the medical services at issue, where the ERISA plan at issue was providing benefits, where he transacted business with Defendants, and where he and each of the members of the class he seeks to represent were overcharged.

## FACTUAL ALLEGATIONS

**Mr. Swartzendruber is insured by United Healthcare and needs medical care.**

25.     United Healthcare, the largest health insurer in the United States, provides services to more than 40,000,000 Americans.

26.     Mr. Swartzendruber was one of those Americans.

27.     His employer, Rosetta Stone, Ltd., had contracted with United Healthcare for health insurance for Rosetta Stone employees, including the Certificate of Coverage for the Health Savings Account Plan AGQA of Rosetta Stone, Ltd., Group Number 755913, effective January 1, 2019 and found at Docket Number 0018-001, and the plan effective January 1, 2021, found at Docket Number 0018-002 in this action.

28.     Mr. Swartzendruber was to receive the benefit of these plans.

29.     One of the benefits included only being charged the negotiated rate that United Healthcare had established with service providers throughout the area, including both Sentara and RMH Medical.

4

30.     Mr. Swartzendruber has in the past received medical treatment at both Sentara and at RMH Medical facilities and expects to continue to do so in the future.

31.     He is covered by the medical insurance selected by his employer.

32.     In the past, his current employer has selected United Healthcare for its employees and given the market size of United Healthcare, a very real possibility exists that it will do so in the future.

**United Healthcare has separate contracts with Defendants**

33.     United Healthcare has separate contracts with Sentara and RMH Medical for how much people with insurance benefits through United Healthcare will be billed for medical care at each provider.

34.     In its contract with United Healthcare, Sentara agreed to accept as payment the negotiated rate for medical care it provided to these insured people.

35.     Sentara agreed that the negotiated rate would be the rate it billed for medical care provided to those people.

36.     In its contract with United Healthcare, RMH Medical agreed to accept as payment the negotiated rate for medical care provided to these insured people.

37.     RMH Medical agreed that the negotiated rate would be the rate it billed for medical care provided to those people.

38.     The United Healthcare contract with RMH Medical has lower negotiated rates for medical services than the United Healthcare contract with Sentara.

39.     The Defendants have agreed between themselves to keep these contracts confidential.

40.     The Defendants resist any consumer seeing these contracts.

41.    United Healthcare runs a website where people can check to find out the cost for medical services at the various service providers with whom it contracts.

42.    United Healthcare expects people to check this website and rely upon it.

43.    This website shows that medical services performed by RMH Medical at its outpatient centers will cost far less than if the same medical service was performed by Sentara at its main hospital.

**Sentara overcharges for services at RMH Medical**

44.    Sentara and RMH Medical have the same parent and grandparent corporations, which they have each listed as Sentara Hospitals and Sentara Healthcare on their Disclosure of Corporate Affiliations at Docket Number 23 and 24 in this action.

45.    Sentara manages the billing and communications with insurance companies for medical services at RMH Medical outpatient centers.

46.    When some medical services are performed at RMH Medical outpatient centers to persons insured by United Healthcare, Sentara bills those services as if they were performed at the Sentara RMH main hospital.

47.    United Healthcare then processes those services under the agreed rates for care provided at the main hospital by Sentara rather than the lower, agreed rate for services provided by RMH Medical at the outpatient centers.

48.    The result is that people are overcharged for the medical services they receive at the outpatient centers.

**Mr. Swartzendruber is overcharged for services at the
East Market Street outpatient center**

49.    For instance, in the summer of 2019, Mr. Swartzendruber's doctor ordered some bloodwork to be done for him.

6

50.     Mr. Swartzendruber decided to have the bloodwork done at the East Market Street Health center, an outpatient location of RMH Medical.

51.     Medical services provided at that location to people insured by United Healthcare are covered by its contract with RMH Medical.

52.     Medical services provided at that location are not covered by the United Healthcare contract with Sentara.

53.     Medical services provided at that location are not to be billed as if they were performed by Sentara at its main hospital.

54.     On September 10, 2019, Plaintiff had the bloodwork done at the East Market Street outpatient location and submitted his insurance when he did so.

55.     Sentara then informed United Healthcare that the medical services had been performed at its main hospital location.

56.     This statement was false.

57.     This false statement caused the medical services to be billed pursuant to the United Healthcare contract with Sentara rather than the United Healthcare contract with RMH Medical.

58.     Sentara then billed Plaintiff $152.64 for that bloodwork and claimed this was the negotiated rate with United Healthcare.

59.     $152.64 was far greater than the rate if the medical services had been billed as being provided at the East Market Street outpatient location.

60.     Sentara insisted to Mr. Swartzendruber that the amount charged was the proper amount that United Healthcare had negotiated for those services.

61.     Mr. Swartzendruber objected to this amount and tried to have United Healthcare require Sentara to lower it.

62.     The amount was never lowered.

63.     Because he had not yet satisfied his deductible with United Healthcare, Mr. Swatzendruber was billed for this amount.

64.     Mr. Swartzendruber ultimately paid it to keep the charge from going into collections and harming his credit.

65.     Before he paid it, Mr. Swartzendruber repeatedly contacted United Healthcare and pointed out to it that its website had stated the estimated charge for the medical services at that outpatient location would have been much lower.

66.     These efforts included repeated phone calls and repeated written appeals through the entire appeal process at United Healthcare.

67.     Mr. Swartzendruber repeatedly asked United Healthcare to provide the details about how Sentara billed the services because he reasonably thought some mistake had occurred in how Sentara had billed it.

68.     United Healthcare repeatedly responded that it had processed his claim properly based on how it was submitted by Sentara, and its appeal process on this issue was thus futile.

69.      Mr. Swartzendruber asked Sentara to provide the specific details about how Sentara billed the services so that he could determine if Sentara had billed for different services than it provided, or had somehow coded those services so that it could be paid more money.

70.     Sentara refused to respond to Mr. Swartzendruber's written request for more information.

**Mr. Swartzendruber challenges how he was charged and learns what happened**

71.     Mr. Swartzendruber also challenged Sentara for how it billed the services which had been performed at the East Market Street outpatient location.

72.     He filed an action in General District Court against Sentara for that apparent overbilling.

8

73.     Sentara, through its in-house counsel and through Perry Crowder, its Revenue Cycle Director, repeatedly insisted that the services had been billed correctly.

74.     They repeatedly insisted that only one contract with a set of negotiated rates existed with United Healthcare that covered services whether they were provided at the Sentara RMH main hospital or at any of the related outpatient centers.

75.     Under a confidentiality agreement, Sentara provided Mr. Swartzendruber what it said was that one contract.

76.     In reliance on the statement that United Healthcare has only one set of negotiated rates with Sentara that apply to services, whether they are provided at the main Sentara RMH Medical Center or at a related outpatient center in Harrisonburg, Mr. Swartzendruber nonsuited his case.

77.     Mr. Swartzendruber then filed a General District Court action against United Healthcare for displaying vastly lower amounts for these medical services at the East Market Street Health Center than he would actually be charged.

78.     In that lawsuit, United Healthcare ultimately provided a declaration that stated in pertinent part: "[t]here are two contracts between United and Sentara that are relevant to this case- one for Sentara RMH East Market Health Center, the outpatient center, and one for Sentara RMH Medical Center, a health center."

79.     United Healthcare also provided Mr. Swartzendruber with those contracts under a confidentiality order entered in that action.

80.     United Healthcare also stated that all of Mr. Swartzendruber's claims against it were covered by ERISA.

81.     Because he had not brought an ERISA claim and because his claims were based on the now-proven false premise that only one contract existed, Mr. Swartzendruber then nonsuited that action.

82.     Defendants never corrected the billing to reflect that the medical services should have been billed under the contract with RMH Medical for services provided at the East Market Street Health Center.

**Mr. Swartzendruber was also overcharged for services at the South Main outpatient center**

83.     Defendants also overcharged Mr. Swartzendruber for medical services at the RMH South Main Street outpatient center run by RMH Medical.

84.     On June 21, 2021, Plaintiff had the bloodwork done at the South Main Street outpatient location and submitted his insurance when he did so.

85.     Sentara then informed United Healthcare that the medical services had been performed at its main hospital location.

86.     This statement was false.

87.     This false statement caused the medical services to be billed pursuant to the United Healthcare contract with Sentara rather than the United Healthcare contract with RMH Medical.

88.     Sentara then billed Plaintiff $221.76 for that bloodwork and claimed this was the negotiated rate with United Healthcare.

89.     $221.76 was far greater than the rate if the medical services had been billed as being provided at the South Main Street outpatient location.

90.     If Sentara had billed the service with its proper location, United Healthcare would have used Schedule 75222 pursuant to its contract with RMH Medical to determine the charges.

91.     Specifically, under Schedule #75222 he should have been charged the following:

Code 83735- assay of magnesium:                         $4.46

10

Code 80053- comprehensive metabolic panel:          $7.04

Code 85025- complete blood count with differential:          $5.18.

92.     Instead, he was charged under a different schedule associated with the contract between Sentara and United Healthcare in the following amounts:

Code 83735- assay of magnesium:          $54.00

Code 80053- comprehensive metabolic panel:          $82.00

Code 85025- complete blood count with differential:          $60.00.

93.     He was also charged $35.00 for the blood draw itself.

94.     This amount would also have been far lower under Schedule 75222.

95.     Mr. Swartzendruber repeatedly contacted United Healthcare and pointed out to it that its website had stated the estimated charge for the medical services at that outpatient location would have been much lower.

96.     These efforts included repeated phone calls and repeated written appeals through the entire process at United Healthcare.

97.     United Healthcare repeatedly responded that it had processed his claim properly as submitted by Sentara, and its appeal process on this issue was thus futile.

98.     Because Sentara had billed the service as if it had been performed at its main hospital, the Commonwealth of Virginia took no action on the complaint filed by Mr. Swartzendruber.

99.     By letter dated August 19, 2022, attached as Exhibit A, the Commonwealth of Virginia's Bureau of Insurance presented United Healthcare's explanation.

100.    United Healthcare told the Commonwealth that the variation in the cost was because the medical services were billed as if they were performed at the main hospital at 2010 Health Campus Drive, Harrisonburg, rather than at an outpatient location.

11

**Sentara and RMH Medical use the same business names**

101.   Although Sentara and RMH Medical are related, they are separate legal entities.

102.   As separate legal entities, they each have many fictitious business names.

103.   Many of their fictitious business names are similar to each other.

104.   The similar fictitious business names include that Sentara is registered to do business as "RMH East Market Street Health Center" and "RMH South Main Health Center" while RMH Medical is also registered to do business as "Sentara East Market Street Health Center" and "Sentara South Main Health Center."

105.   These similar sounding business names make it difficult for people and corporations to understand which entity they are dealing with.

106.   In addition to similarly sounding names, many of their fictitious business names are identical to each other.

107.   The fictitious business names being used by both Sentara and RMH Medical include the following:

"Sentara RMH Medical Group"

"Sentara RMH East Market Street Health Center"

"Sentara RMH South Main Health Center" and

"Sentara RMH Medical Group."

108.   Sentara and RMH Medical use other identical fictitious business names.

109.   Using fictitious business names that are identical to each other make it nearly impossible for people and corporations to understand which entity they are dealing with.

110.   When a person insured by United Healthcare goes to an RMH Medical outpatient center, the person is given a contract to sign that indicates the contract is with Sentara RMH Medical Group, among other entities.

111.    Sentara RMH Medical Group is a name under which both entities are doing business.

112.    Because Defendants keep confidential their contracts, no person insured by United Healthcare has a simple means to discover that Sentara's contract with United Healthcare is materially different than United Healthcare's contract with RMH Medical.

113.    Because of the use of the same fictitious business names by Sentara and RMH Medical and because they do not know about the different contracts, people insured by United Healthcare do not know the significance of how Sentara bills the services.

## CLASS ALLEGATIONS

114.    Pursuant to Rule 23 of the Federal Rules of Civil procedure, Plaintiff brings this action for himself and on behalf of a class initially defined as follows:

All people insured through an employer-provided health insurance plan from a United Healthcare entity who received medical services at an outpatient center affiliated with RMH Medical Group, LLC, and where the bill for those services was submitted to United Healthcare as if the services were performed by Sentara RMH Medical Center within four years of the date of the filing of this Complaint.

115.    Numerosity. Fed. R. Civ. P. 23(a)(1). The class members are so numerous that the joinder of all is impractical. The names and address of the class members are identifiable through the internal business records maintained by Defendants, and the class members may be notified of the pendency of this action by published and/or mailed notice and/or electronic notice.

116.    Common Questions of Law and Fact. Fed. R. Civ. P. 23(a)(2). Common questions of law and fact exist as to all members of the putative class, and there are no factual or legal issues that differ between the putative class members. The principal issues include the following:

A. Whether Defendants' conduct resulted in a charge higher than allowed under the applicable contract with United Health.

B. Whether Sentara and RMH Medical misrepresented to United Health where medical services were performed.

C. Whether Sentara's and RMH Medical's conduct show a pattern of racketeering activity.

D. Whether Sentara's and RMH Medical's conduct violated RICO.

E. Whether Sentara's and RMH Medical's conduct violated the VCPA.

F. Whether Sentara's and RMH Medical's conduct was actual fraud.

G. Whether United Healthcare violated its ERISA duties.

H. The proper remedy under the law for Defendants' conduct.

117.   Typicality. Fed. R. Civ. P. 23(a)(3). Plaintiff's claims are typical of the claims of each putative class member. In addition, Plaintiff is entitled to relief under the same causes of action as the other members of the putative class. Plaintiff's claims are based on the same facts and legal theories applicable to each putative class member.

118.   Adequacy of Representation. Fed. R. Civ. P. 23(a)(4). Plaintiff is an adequate representative of the putative class because his interests coincide with, and are not antagonistic to, the interests of the members of the Class he seeks to represent; he has retained counsel competent and experienced in such litigation; and he has and intends to continue to prosecute the action vigorously. Plaintiff and his counsel will fairly and adequately protect the interests of the members of the Class. Neither Plaintiff nor his counsel have any interests which might cause him not to vigorously pursue this action

119.   Injunctive and Declaratory Relief. Fed. R. Civ. P. 23(b)(2). The Defendants have acted generally towards the class such that final injunctive and corresponding declaratory relief is

appropriate regarding the class as whole. In particular, medical services provided at the outpatient centers affiliated with RMH Medical should be billed to United Healthcare as having been provided by RMH Medical at the outpatient centers rather than at the main hospital, and these medical services should be processed by United Healthcare pursuant to the negotiated rates with RMH Medical.

120.    <u>Predominance and Superiority</u>. Fed. R. Civ. P. 23(b)(3). Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The damages sought by each member are such that individual prosecution would prove burdensome and expensive. It would be virtually impossible for all members of the Class individually to effectively redress the wrongs done to them, especially because they are never told of the existence of the two separate contracts. Even if the members of the Class themselves could afford such individual litigation and prove the existence of the two confidential contracts, it would be an unnecessary burden on the Courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the legal and factual issues raised by Defendants' conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in one case.

**CLAIMS**

**Count One**

**Violation of 29 U.S.C. § 1132(a)(1(B) against United Healthcare**

121.    Regarding his employer provided health insurance, Plaintiff and each member of the putative class were participants or beneficiaries entitled to the benefits of a plan regulated by

15

ERISA. The plan benefits included that medical services provided by an outpatient center associated with RMH Medical would be billed pursuant to the negotiated rate between United Healthcare and RMH Medical.

122.    Plaintiff and each member of the putative class were entitled to receive the benefit of that negotiated rate for these services.

123.    Plaintiff and each member of the putative class did not receive that negotiated rate for these services.

124.    United Healthcare should have processed their bills such that the Plaintiff and each member of the putative class did receive that rate.

125.    United Healthcare knew or should have known that Sentara was improperly billing these services.

126.    Even after being repeatedly put on notice that Sentara was improperly billing these services, United Healthcare did not take steps to ensure that Plaintiff and the members of the putative class received the benefits due them under their health insurance plan.

127.    Furthermore, as shown by Plaintiff twice exhausting the administrative appeal process and being denied because of United Healthcare's position that it processed the claims properly as billed, exhaustion of those administrative remedies is a futile process.

128.    United Healthcare failed in its duty to properly process the claims such that Plaintiff and all putative class members were overcharged.

129.    For himself and the putative class, Plaintiff seeks to recover the benefits due under the plan and to enforce his rights under that plan.

**Count Two - Nonclass claim**

**Violation of 29 U.S.C. § 1132(a)(2) on behalf of the plan against United Healthcare**

130.    Regarding his employer-provided health insurance through United Healthcare, Plaintiff was a participant or beneficiary entitled to the benefits of a plan regulated by ERISA. The plan benefits included that medical services provided by an outpatient center associated with RMH Medical would be billed pursuant to the negotiated rate between United Healthcare and RMH Medical.

131.    Plaintiff brings this claim on behalf of the plan itself and for the benefit of similarly situated plan members.

132.    Plaintiff and each member of the putative class did not receive that negotiated rate for these services at issue because of how they were submitted.

133.    Even though Sentara improperly billed these services, United Healthcare had a fiduciary duty of care, skill, prudence, and diligence under 29 U.S.C. § 1104(a)(1)(B) to Plaintiff and each member of the putative class.

134.    United Healthcare knew or should have known that Sentara was improperly billing these services.

135.    Under these circumstances, the prudent person would have taken steps to ensure the bills were properly submitted with the identification of the location where they were provided.

136.    Even after being repeatedly put on notice that Sentara was improperly billing these services, United Healthcare did not take steps to ensure that Plaintiff and similarly situated plan members received the benefits due them under their health insurance plan.

137.    United Healthcare breached its fiduciary duty to the plan, such that Plaintiff and all similarly situated plan members were overcharged.

138.    Under 29 U.S.C. § 1109, United Healthcare can be liable to the plan for its breach of fiduciary duty.

139.     To remedy this breach of fiduciary duty, United Healthcare should be required to reprocess all the improperly submitted claims, to provide an explanation to Plaintiff and to each similarly situated plan member about the actual amount allowed for each treatment and the effect on the plan benefits by giving a new explanation of benefits for each claim, and to then act in accordance with each new explanation.

140.     United Healthcare is also liable for the out-of-pocket loss caused to the members of the plan by its breach of fiduciary duty.

**Count Three**

**Violation of 29 U.S.C. § 1132(a)(3) - All Defendants**

141.     Regarding his employer-provided health insurance, Plaintiff and each member of the putative class was a participant or beneficiary entitled to the benefits of a plan regulated by ERISA. The plan benefits included that medical services provided by an outpatient center associated with RMH Medical would be billed pursuant to the negotiated rate between United Healthcare and RMH Medical.

142.     Plaintiff and all members of the putative class were entitled to receive the benefit of that negotiated rate for these services.

143.     Plaintiff and each member of the putative class did not receive that negotiated rate for these services.

144.     United Healthcare should have processed their bills such that the Plaintiff and each member of the putative class did receive that rate.

145.     Even though Sentara improperly billed these services, United Healthcare should have ensured the bills were properly processed.

146.     United Healthcare knew or should have known that Sentara was improperly billing these services.

147.    Even after being repeatedly put on notice that Sentara was improperly billing these services, United Healthcare did not take steps to ensure that Plaintiff and the members of the putative class received the benefits due them under their health insurance plan.

148.    Because the actions of the Defendants resulted in Plaintiff and all putative class members being overcharged, if the other claims in this action do not provide a complete remedy to Plaintiff and the putative class members, Sentara and RMH Medical should be required to resubmit the claims to United Healthcare and identify the true location where the services were provided, and United Healthcare should be required to reprocess all the improperly submitted claims, and provide an explanation to Plaintiff and to each similarly situated plan member about the actual amount allowed for each treatment and the effect on the plan benefits by giving a new explanation of benefits for each claim, and the Defendants should then be required to act in accordance with each new explanation.

## Count Four

## RICO - Sentara and RMH Medical

149.    Plaintiff brings a RICO action against Sentara and RMH Medical for violations of 18 U.S.C. § 1962(a) and (c).

150.    Sentara and RMH Medical use income from racketeering activity to operate an enterprise engaged in interstate commerce in violation of 18 U.S.C. § 1962(a).

151.    Plaintiff and the class he seeks to represent were all harmed by reason of Sentara and RMH Medical's violations of 18 U.S.C. § 1962(c).

152.    Sentara and RMH Medical Group are each legally distinct entities.

153.    These defendants each have their own business location that separately contract with United Healthcare.

154.    These defendants each perform independent actions within the enterprise.

155.    RMH Medical provides the medical services.

156.    Sentara and RMH Medical agree that Sentara will do the insurance billing and debt collection for the services.

157.    Then Sentara misrepresents to United Healthcare that it provided the medical services.

158.    Sentara and RMH Medical work together in an enterprise to provide medical services to individual consumers for personal purposes and to then overbill insurance companies like United Healthcare about those services.

159.    RMH Medical and Sentara have an agreement whereby Sentara submits the billing and does the collection for medical services provided at RMH Medical locations.

160.    Sentara and RMH Medical Group were specifically created to be legally distinct entities with the goal of seeking the benefit of being legally distinct.

161.    One of the attributes of their distinctness is that each has a substantially different contract with United Healthcare.

162.    Because of those different contracts, United Healthcare discloses, both on its website and through its telephone representatives, that medical services provided at outpatient centers by RMH Medical would be substantially lower in cost than those same services provided at the main hospital by Sentara.

163.    RMH Medical and Sentara then reap the benefit of those statements when people choose to come to RMH Medical, but are then billed at a much higher rate.

164.    In this way, RMH Medical and Sentara use their separate status and legal ability to enter into separate contracts to further the illegal goal of the enterprise of overbilling for medical services by misrepresenting the location of the services.

165.    They call the enterprise Sentara RMH Medical Group, which is not a legal entity unto itself, but is an association in fact between two distinct entities who have a common parent, Sentara Hospitals.

166.    But for their separate and distinct status as legal entities, these Defendants could not engage in this specific type of enterprise because if they were not distinct then only one contract would have existed.

167.    Sentara RHM Medical Group is one of the names under which both of these legally separate entities do business.

168.    As part of this enterprise, they engage in interstate commerce, including submitting bills and receiving payment from United Healthcare with its headquarters in another state.

169.    The enterprise uses both the United States mail and electronic communication through the internet.

170.    Specifically, the enterprise communicates with United Healthcare electronically, and in that electronic communication it misrepresents the location of the services provided by RMH Medical.

171.    The enterprise also communicates with consumers by sending bills in the mail and also communicating electronically and through the telephone with consumers regarding the inflated amounts that are generated by the misrepresentation to United Healthcare.

172.    Thus, Sentara and RMH Medical each conducted or participated, directly or indirectly, in the conduct of that enterprise's affairs by having medical services performed at RMH Medical's outpatient centers for people insured through United Healthcare to be billed as if they were performed by Sentara at its main hospital.

173. Through the enterprise, Sentara and RMH Medical conducted or participated directly or indirectly in acts of mail fraud and wire fraud by misrepresenting through the mail and the internet the location where the services were performed in a scheme to defraud.

174. These defendants received money through a pattern of racketeering activity and invested that money in their enterprise.

175. Sentara and RMH Medical's actions in violation of RICO were a proximate cause of injury to Plaintiff and each member in the putative class because each were charged more for the medical services they obtained at an RMH Medical outpatient center than they should have been charged.

**Count Five**

**VCPA - Sentara and RMH Medical**

176. Defendants Sentara and RMH Medical are each suppliers, as that term is defined at Va. Code § 59.1-198, regulated by the VCPA.

177. Plaintiff and each member of the putative class are consumers who engaged in at least one consumer transaction regarding medical services.

178. In the transactions with Plaintiff and members of the putative class, Defendant Sentara and RMH Medical violated Va. Code § 59.1-200(A)(1), (3) and (14) by representing that the medical services provided at an RMH Medical outpatient center were actually provided by Sentara at its main hospital.

179. These Defendants also misrepresented to consumers that the amounts they owed were higher than actually owed and did so by the misrepresentation of the location of the service in violation of Va. Code § 59.1-200(A)(1), (3) and (14).

180. Defendants made these misrepresentations knowing that two different contracts with United Healthcare existed and that the charges for services were different in those contracts.

22

181.    Plaintiff and each member of the putative class suffered a loss as a result of each of these Defendants' violations of the VCPA.

182.    The violations were willful, or in the alternative were negligent and not the result of a bona fide error.

## PRAYER FOR RELIEF

Plaintiff Michael J. Swartzendruber, for himself and all other similarly situated, prays the Court for judgment against Defendants as follow:

1.      Permanently enjoin Defendants from processing with United Healthcare any claim for medical services provided at an RMH Medical outpatient center as if they were provided by Sentara at its main hospital;

2.      Order the Defendants to recompute the charges for medical services provided at an RMH Medical outpatient center that were billed as if they were provided by Sentara at its main hospital by requiring that Sentara and RMH Medical resubmit the claims to United Healthcare and identify the true location where the services were provided, and by requiring United Healthcare to reprocess all the improperly submitted claims, and provide an explanation to Plaintiff and to each similarly situated plan member about the actual amount allowed for each treatment and the effect on the plan benefits by giving a new explanation of benefits for each claim, and require each Defendant to then act in accordance with each new explanation.

3.      Order that Defendants Sentara and RMH Medical pay to the Plaintiff and each putative member of the class the difference between what they were charged and what they should have been charged;

4.      Order that United Healthcare is liable to Plaintiff and each similarly situated person for the out-of-pocket loss caused by its breach of fiduciary duty,

5.      Award treble the damages under 18 U.S.C. § 1964(b) against Defendants Sentara and RMH Medical;

6.      Award at minimum $500.00 for each violation of the VCPA against Defendants Sentara and RMH Medical;

7.      Award treble the damages under Va. Code § 59.1-204(A) or at minimum $1,000.00 for each violation of the VCPA against Defendants Sentara and RMH Medical;

8.      Award reasonable attorneys' fees and costs under the RICO, ERISA, and the VCPA claims; and

9.      Order such other and further relief as may be deemed proper and just.

**TRIAL BY JURY IS REQUESTED**

Respectfully submitted
Michael J. Swartzendruber
By Counsel

/s/ Thomas D. Domonoske
Thomas D. Domonoske (VSB # 35434)
CONSUMER LITIGATION ASSOCIATES, PC
763 J. Clyde Morris Blvd., Suite 1-A,
Newport News, VA 23601
Telephone: (540) 442-7706
E-mail: tom@clalegal.com

and

Timothy E. Cupp (VSB No. 23017)
Shelley Cupp Schulte, P.C.
1951-D Evelyn Byrd Ave.
PO Box 589
Harrisonburg, Virginia 22803
(540) 432-9988 (telephone)
cupp@scs-work.com
*Co-Counsel for the Plaintiffs*